# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

WILLIE M. CAULEY                                                         CIVIL ACTION

VERSUS                                                                   NO. 18-6670

ST. TAMMANY PARISH, ET AL.                                               SECTION: "G"(1)

## O R D E R

Plaintiff has filed a pleading entitled "Motion for Sanctions." Rec. Doc. 22. In that motion, he alleges that his rights have been violated at the St. Tammany Parish Jail. Because plaintiff's allegations would not serve as a basis for "sanctions," the Court, out of an abundance of caution, will construe the motion as one for leave to file an amended complaint. However, because plaintiff has already previously filed one amended complaint, Rec. Doc. 4, further amendments require the opposing party's written consent or the Court's leave. See Fed. R. Civ. P. 15(a). In this instance, there is no written consent to the proposed amendments, and the Court finds that the proposed amendments should not be allowed for the following reasons.

First, this civil action concerns a challenge to the validity of a search conducted by law enforcement authorities and plaintiff's related arrest, indictment, and prosecution on state criminal charges. However, for the reasons noted in the Report and Recommendation separately issued this date, this civil action should be closed because the claims asserted herein should be dismissed or stayed pending resolution of plaintiff's state criminal proceedings.

Second, the proposed amendments are unrelated to the claims in this lawsuit. The new claims concern subsequent purported violations of plaintiff's rights at the St. Tammany Parish Jail, perpetrated by individuals who are not currently parties in this lawsuit. Although the new claims

are undeniably serious ones, concerning such matters as purported sexual assault, excessive force, and placement on suicide watch, they are not so connected to the claims in this lawsuit that justice would require that they be brought in in the same proceeding.

That conclusion is further reinforced by the fact that it appears that the claims detailed in the motion may be premature. Because the motion was filed within days of the events on which the claims are based, it seems unlikely that plaintiff exhausted his administrative remedies prior to filing the motion. However, the law is clear: exhaustion of administrative remedies is **mandatory** before a prisoner may seek relief in federal court. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[E]xhaustion in cases covered by § 1997e(a) is now mandatory.").

For all of these reasons, plaintiff's motion is **DENIED**. If he wishes to pursue these new unrelated claims, he should file a separate lawsuit and name appropriate defendants with respect to those claims, after exhausting his administrative remedies at the jail.

New Orleans, Louisiana, this fourth day of December, 2018.

JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE