UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE M. CAULEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6670** |
| **ST. TAMMANY PARISH, ET AL.** | **SECTION: "G"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Willie M. Cauley, a state inmate, brought this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. He sued St. Tammany Parish, Detective Jordan A. Hollenbeck, Detective Nick Burtanog, Sheriff Randy Smith, Judge Raymond Childress, and District Attorney Warren Montgomery. In this lawsuit, plaintiff asserts claims concerning the legality of a search and his related arrest and state criminal prosecution.[1]

Several motions are currently pending before the Court: a motion to dismiss filed by Judge Childress;[2] a motion for a default judgment filed by plaintiff;[3] a motion to set aside default judgment filed by the St. Tammany Parish Government;[4] a motion to stay proceedings filed by Sheriff Smith, Detective Burtanog, and District Attorney Montgomery;[5] and a motion for summary judgment filed by plaintiff.[6] Regarding those motions, the undersigned United States Magistrate Judge makes the following recommendations.

## Motion to Dismiss

Judge Childress has filed a motion arguing that the claims against him in his official capacity should be dismissed pursuant to the Eleventh Amendment and the claims against him in

---

[1] Rec. Docs. 1 and 4.
[2] Rec. Doc. 12.
[3] Rec. Doc. 21.
[4] Rec. Doc. 24.
[5] Rec. Doc. 25.
[6] Rec. Doc. 31.

his individual capacity should be dismissed based on his absolute judicial immunity.[7] He is correct.

Because he is a state official, any claim for monetary damages asserted against Judge Childress in his official capacity is actually a claim against the state itself and, as such, is barred by the Eleventh Amendment. See Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) ("A judgment against [the defendant state court judge] in her official capacity would be satisfied out of the state treasury. La.Rev. Stat.Ann. § 13:5108.1. Therefore, any official-capacity claims against her are in reality claims against the state itself, and, therefore, are barred by the Eleventh Amendment."); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").[8] Further, any such claim asserted against him in his individual capacity is similarly barred by his absolute judicial immunity. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); see also Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e take as settled law the proposition that in the *vast* majority of § 1983 cases in which judges are named as defendants, judicial immunity will bar the action. Moreover, … we can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn

---

[7] Rec. Doc. 12.
[8] The Court additionally notes that a state official in his official capacity is not considered a "person" amenable to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Boyd v. Lasher, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009).

2

a successful § 1983 suit."); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007).[9]

Accordingly, Judge Childress's motion should be granted and the claims against him should be dismissed.

## Motion for a Default Judgment

In his complaint, plaintiff listed St. Tammany Parish as a defendant, and he now moves for the entry of a default judgment against that defendant.[10] That motion should be denied for several reasons.

First, because plaintiff is an inmate, his civil action is subject to the Prison Litigation Reform Act of 1995 ("PLRA"). "[U]nlike in the typical civil case, *defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court*, and waiving the right to reply does not constitute an admission of the allegations in the complaint." Jones v. Bock, 549 U.S. 199, 213-14 (2007) (emphasis added); 42 U.S.C. § 1997e(g)(1). In the instant case, the Court never entered an order directing St. Tammany Parish to respond to the complaint, and, therefore, the parish was not in default. See, e.g., McCurdy v. Johnson, No. 2:08-cv-01767, 2012 WL 3135906, at *1-2 (D. Nev. Aug. 1, 2012).

Second, the motion for default judgment is premature because a default has not been entered pursuant to Fed. R. Civ. P. 55(a). See Structural Concrete Products, LLC v. Clarendon

---

[9] Lastly, if plaintiff is seeking injunctive relief against Judge Childress, such relief is not available. Federal law provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. Therefore, Judge Childress is protected from a claim against him for injunctive relief under § 1983. See Doris, 2009 WL 382653, at *3; Wilkerson v. Lanier, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2d Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F. Supp. 2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).
[10] Rec. Doc. 21.

America Insurance Co., 244 F.R.D. 317, 328 (E.D. Va. 2007); Griffin v. Foti, Civ. Action No. 03-1274, 2003 WL 22836493, at *1 (E.D. La. Nov. 24, 2003); Great Atlantic & Pacific Tea Co. v. Heath, Civ. Action No. 95-509, 1995 WL 258317, at *1 (E.D. La. Apr. 27, 1995).

Third, even if the parish had been in default, and even if a default had been entered, entry of a default judgment still would not be warranted. Entry of a default judgment is a matter of discretion, and "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citations, quotation marks, and brackets omitted); accord Griffin, 2003 WL 22836493, at *1. This is not such a situation. On the contrary, the claim against St. Tammany Parish should in fact be dismissed for the following reasons.

Federal law mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[11] Regarding such lawsuits, federal law requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). This provision applies even where, as here, the prisoner paid the filing fee. Lerma v. Falks, 338 Fed. App'x 472, 473 (5th Cir. 2009); Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998).

---

[11] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

As noted, petitioner sued St. Tammany Parish, a local government unit. However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted*. To satisfy the cause in fact requirement, *a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom of the St. Tammany Parish Government, much less identify such a policy or custom. Therefore, he has failed to state a claim against that local government unit. See, e.g., Winans v. St. Tammany Parish Correctional Center, Civ. Action No. 17-4725, 2017 WL 4075131, at *3 (E.D. La. Aug. 21, 2017), adopted, 2017 WL 4049813 (E.D. La. Sept. 13, 2017).

### Motion to Set Aside Default Judgment

Concerned by the foregoing motion for a default judgment, the St. Tammany Parish Government filed a Motion to Set Aside Default Judgment.[12]  However, because no default judgment was entered, that motion should be denied as moot.

### Motion to Stay Proceedings

Sheriff Smith, Detective Burtanog, and District Attorney Montgomery have filed a motion asking that these proceedings be stayed.[13]  Plaintiff has opposed that motion.[14]

In their motion, the defendants note that plaintiff's claims arise of a search and his related arrest and prosecution on two counts of violating drug laws, eighty-nine counts of bank fraud, and one count of racketeering.  The defendants argue that all claims challenging the validity of the search, seizure, and prosecution should be stayed until all of those criminal charges are resolved.[15]  The defendants are correct.

If plaintiff had already been convicted, this Court would clearly be barred from considering his claims by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

---

[12] Rec. Doc. 24.
[13] Rec. Doc. 25.
[14] Rec. Doc. 30.
[15] The Court notes that it appears that the only claim against Montgomery would be one for malicious prosecution.  If so, such a claim would face two obstacles.  First, in the Fifth Circuit, a plaintiff may not bring "a freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution." Cuadra v. Houston Independent School District, 626 F.3d 808, 812 (5th Cir. 2010). Second, in any event, it appears that prosecutorial immunity would protect Montgomery against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  That absolute immunity would also extend to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted).  Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).  That said, at this point, Montgomery has requested only that the claim against him be stayed, not dismissed.  Accordingly, resolution of the issues of the cognizability of the claim and whether Montgomery's actions are protected by absolute prosecutorial immunity may be left to another day.

>  prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted).  When an individual stands convicted based on evidence obtained in a search, Heck bars him from challenging the legality of the search and seizure in a federal civil case.  See Johnson v. Bradford, 72 Fed. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002); Guillot v. Castro, Civ. Action No. 17-6117, 2018 WL 3475294, at *4 (E.D. La. July 19, 2018); Huntley v. Southern Methodist University, No. 3:08-CV-1847, 2009 WL 2190213, at *2 (N.D. Tex. July 17, 2009); McMillen v. Nunley, No. 3:02-CV-2367, 2003 WL 22227863, at *2 (N.D. Tex. Sept. 25, 2003), adopted, 2003 WL 22469080 (N.D. Tex. Oct. 22, 2003).  Similarly, Heck bars a false arrest claim brought by a convicted prisoner.  See Ducksworth v. Rook, 647 Fed. App'x 383, 386-87 (5th Cir. 2016); Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).  The same is true of a malicious prosecution claim.  See Lavergne v. Harson, 583 Fed. App'x 361, 362 (5th Cir. 2014); Cormier v. Lafayette City-Parish Consolidated Government, 493 Fed. App'x 578, 583 (5th Cir. 2012); Myers v. Swindle, 454 Fed. App'x 322, 323 (5th Cir. 2011).

However, plaintiff is currently still awaiting trial on some or all of the criminal charges,[16] and the United States Supreme Court has held that Heck does not bar "an action which would impugn *an anticipated future conviction....*" Wallace v. Kato, 549 U.S. 384, 393 (2007). Nevertheless, the Supreme Court also made clear that does not mean that federal courts should forge ahead with cases in which a plaintiff's federal civil rights claims concern *pending* state criminal charges. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94 (citations omitted). Therefore, under that reasoning, plaintiff's claims against Smith, Burtanog, Montgomery, and Hollenbeck[17] should be stayed until such time as plaintiff's state criminal proceedings are concluded.

### Motion for Summary Judgment

Lastly, plaintiff has filed a motion for summary judgment.[18] Defendants Burtanog, Smith, and Montgomery have filed oppositions to that motion.[19] The motion should be denied.

In addition to the numerous procedural defects in the motion identified by opposing counsel, the motion clearly lacks merit. In reviewing a motion for summary judgment, the Court

---

[16] At the time the defendants filed their motion, plaintiff's trial on the bank fraud and racketeering charges was set for January 22, 2019, while his trial on the drug charges was set for October 22, 2018. It is unclear whether the trial on the drug charges proceeded as scheduled and whether those charges have now been resolved. However, even if so, it is still appropriate to stay all claims until all charges are resolved because it appears that the all charges were based on evidence seized in the original search.

[17] Detective Jordan A. Hollenbeck has not yet been served, see Rec. Doc. 8, and so he obviously did not join in the motion. Nevertheless, for the same reasons noted herein, the claim against Hollenbeck should be stayed until plaintiff's state criminal proceedings are resolved.

[18] Rec. Doc. 31.

[19] Rec. Docs. 32, 33, and 34.

8

may grant the motion only when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Here, even aside from the concerns previously noted which make a stay appropriate, virtually all material facts concerning the search and plaintiff's related arrest and state criminal prosecution remain in dispute at this time. Accordingly, summary judgment simply is not appropriate.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by Judge Raymond Childress, Rec. Doc. 12, be **GRANTED**, that the claims against him in his official capacity be **DISMISSED WITHOUT PREJUDICE**, and that the claims against him in his individual capacity be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** the motion for a default judgment filed by plaintiff, Rec. Doc. 21, be **DENIED**.

It is **FURTHER RECOMMENDED** that the claims against St. Tammany Parish be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

It is **FURTHER RECOMMENDED** that the motion to set aside default judgment filed by the St. Tammany Parish Government, Rec. Doc. 24, be **DENIED AS MOOT**.

It is **FURTHER RECOMMENDED** that the motion to stay proceedings filed by Detective Nick Burtanog, Sheriff Randy Smith, District Attorney Warren Montgomery, Rec. Doc. 25, be **GRANTED**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Detective Nick Burtanog, Sheriff Randy Smith, District Attorney Warren Montgomery, and Detective Jordan A. Hollenbeck be **STAYED**.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction over the stayed claims and that the case be restored to the trial docket upon plaintiff's motion once his criminal proceedings are concluded, so that the claims may proceed to final disposition.

It is **FURTHER RECOMMENDED** that the motion for summary judgment filed by plaintiff, Rec. Doc. 31, be **DENIED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes until such time as it is reopened for resolution of the stayed claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourth day of December, 2018.

*[signature]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**