UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM CAULEY                                                        CIVIL ACTION

VERSUS                                                                NO. 18-6670

ST. TAMMANY PARISH, et al.                                            SECTION "G"

## ORDER

The attached letter dated January 23, 2019, was received from Plaintiff William Cauley ("Cauley").[1] The Court, however, will not act upon an ex parte request made by a "Letter to Judge." If Cauley wishes to file a motion, he must file a motion into the record through the Clerk of Court's office. The Court cannot act upon a "letter."[2] Accordingly,

---

[1] *See* attached correspondence.

[2] Defendant is advised not to send ex parte correspondence to the Court. Motions should be sent to the Clerk of Court at 500 Poydras Street, Room C151, New Orleans, Louisiana 70130. Federal Rule of Criminal Procedure 47 provides that "[a] party applying to the court for an order must do so by motion." "These procedures are not ceremonial: they serve to apprise the court of important business that needs attending." *United States v. Smart*, 488 F. App'x 790, n. 2 (5th Cir. 2012). The Fifth Circuit has noted that where a defendant "docketed a letter with the court," rather than filing the appropriate motion "he can hardly complain that it was not addressed or noted." *Id*.

**IT IS HEREBY ORDERED** that the Clerk of Court enter this letter into the record.

**IT IS FURTHER ORDERED** that Cauley file any motions with the Clerk of Court. Placing this "Letter to Judge" into the record does not constitute a "filing" into the record and the Court will not act upon and request made by letter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Order to the United States Attorney's Office and the United States Marshals Service.

**NEW ORLEANS, LOUISIANA,** this ___11th___ day of February, 2019.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

Willie Cauley
P.O. Box 908
Covington, La. 70434

A47

NEW ORLEANS
LA
23 JAN '19
PM 3

Clerk's Office
United States District Court
Eastern District of Louisiana
500 Poydras St.
New Orleans, La. 70130

United STATES District Court
EASTERN District of Louisiana

Willie Cauley
versus
ST. TAMMY PARISH, ET AL          Civil Action
                                 NO. 18-CV-6670

I declare under penalty of perjury      Judge Nannette Jolivette Brown
that the foregoing is true and correct.  Magistrate Janis Van MEERVELD
Willie Cauley
Letter to Judge              DATE: 10-9-18

I the Plaintiff Willie Cauley have been sexually assaulted and beaten by the Defendants employees in ST. Tammany Parish Jail on Sept. 2018, on the 20th day. I report the incident to defendants, and medical in the Jail. See 1-out of 3 pages

I was take TO the hospital days later, I was given 3-Tylenols and some for 2-days, and I was prescribe 800 m. Motrins from the hospital for a couple of days discontinued pain medicine I am still in pain, my Back and left shoulder and anus still hurt with discomfort.

I was shown video footage of incident, which the Camera footage showed was a camera and angel from another camera from a distance. Which they had a camera right over the incident but ranking officer told me that Camera don't work or record. He also said, this is the footage from a angel he would be sending Law office of William Most. see 1 out of 2 pages

Aug. the 7, 2018
first incident from defendants employees, they seized my legal work, they return some back but not the other. Paper work seized was Civil action No. 18-CV-6670, Criminal Case # 1706-0590 and 2017-5951

TENDERED FOR FILING
JAN 31 2019
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Civil Action
no. 18-CV-6670

I declare under penalty of perjury that the forgoing is true and correct.

I pray the Court help me where it see fit, I am dirt poor and need help my Constitutional right are being taken for granite.

Date: 10-9-18

God Bless

Willie Cauly
Pro Se willie Cauley

TENDERED FOR FILING

JAN 3 1 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1-3/5



*Melissa R. Henry*

**CLERK OF COURT**
22nd Judicial District Court
Parish of St. Tammany

September 28, 2018

NO. 18-CV-6670

Honorable Randy Smith
St. Tammany Parish Sheriff's Office
701 N. Columbia Street
Covington, LA 70433

Honorable Warren Montgomery
District Attorney
701 N. Columbia Street
Covington, LA 70433

Re:    Complaint - - <u>Willie Cauley</u>

Dear Messrs. Smith and Montgomery:

Attached is a copy of a cover letter and a "Complaint" dated September 21, 2018, which was received by the Clerk of Court's office on September 26, 2018, which documents allege that a crime has been committed against inmate Willie Cauley in the St. Tammany Parish Jail. Mr. Cauley also states on the cover letter that he is in need of medical attention, which has been denied.

I am sending this to you, as the Clerk's office cannot address the issues in the letter. Thank you for your attention to this matter and please do not hesitate to contact me if you have any questions.

Sincerely,

*Patricia B. Rodriguez*
Patricia B. Rodriguez
Director Criminal Court Division

PBR
cc:  Willie Cauley
     Inmate # 189643 (C-506)
     Covington, LA 70434

Enclosures

TENDERED FOR FILING

JAN 31 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

2-3

NO. 18-CV-6670

Complaint

Stamped in error
per Rodriguez
FILED
#6013034
SEP 26 2018
MELISSA R. HENRY, CLERK
Deputy _____
Ashton Burris, Deputy Clerk

Please help me Clerk,

I have been sexaully assaulted by a officer at St. Tammany Parish Jail, it on Camera. I declare under Penalty of Perjury that the foregoing in true and Correct.

you have the Power to help me, I Pray and ask please help me or give me info who Can? please, this is a Crime thats been Committed against me, now you have knowledge please help...

I need medical attention, I have been Denied.

Willie Cauley

Willie Cauley
9-21-18

3-3

NO. 18-CV-6670

Willie Cauley
P.O. Box 908
Covington, LA 70434

**Complaint**   9-21-18

On 9-20-18 approximately 1:30 PM, I Willie Cauley was beaten and sexually assaulted by deputy Thomas white male officer in building C-500. Ten more deputies including ranking officers on shift assisted deputy Thomas. It is all on the St. Tammany Parish Jail video footage.

I was on the phone which was being recorded. I was then approached by Deputy Thomas, who was training a trainee and Deputy Hart. I was given an order by Deputy Hart to tell whomever I was on the phone with that I'm going to call them back in 5-minutes because it is lockdown. I did as instructed.

Soon as I told her what I was instructed she hung her line up, before I put the phone on the hook, the Trainee through me against the wall and attempted to put one pair of handcuffs which would not fit because of my size, I told the trainee I need two cuffs, Deputy Thomas and trainee insisted they must fit with force. They began stretching my arms behind my back which was so painful until I just sat on the floor, Deputy told me to turn over or he was going to taze me, I did as instructed. Deputy Thomas started kneeing me in my side and back with multiple blows as they forced Handcuffs on that wouldn't fit. Then Deputy Thomas pulled down my pants and stuck his hand up my anus in front of the whole dorm and on camera.

I was carried by ten deputies for half of a quarter mile to the medical. I was begging please take the handcuff off and use two, at least 50 times I asked, they called me fat bitch, black monkey, and said I was going to try to get a lawsuit. My rotator cups in both arms feel cracked, my back feels cracked, and my anus hurt the white male nurse said, "It appears to be nothing wrong with me and prescribed me Tylenol. I'm still in great pain, please help. my arrival to medical they took one handcuff off and put two

Pair on and took pictures of areas that weren't hurting or effected.

I declare under penalty of perjury that the foregoing is true and correct.

Willie Cauley

1-2

# Law Office of William Most
201 St. Charles Ave., Ste. 114, # 101 ♦ New Orleans, LA 70170

(504) 509-5023                                                                                                          williammost@gmail.com

St. Tammany Parish Sheriff's Office                                                       September 24, 2018
P.O. Box 1120
Covington, LA 70434
Via email to

Re:  *Public Records Act Request*

No. 18-CV-6670

Dear Ms. Mancuso,

     Pursuant the Louisiana Public Records Act, La.R.S.44:1, *et seq.*, I am writing to request the following categories of documents:

1. **All recorded video of the September 20, 2018, use of force on Willie Cauley (Booking No. 219570) at the St. Tammany Correctional Center. The use of force occurred shortly before 2:00pm, by a bank of phones.**

     As you may know, according to the Attorney General, "Security camera video tapes are not exempted [from disclosure under the Public Records Law] and are public records subject to inspection by the public." *See* A.G.'s Public Records Law Overview (Aug. 2017) at page 8; *see also* AG Op No 05-0166.

     Under the provisions of R.S. 44:32, if you raise a question as to whether the record requested is a public record, you are required to notify in writing the person making the request of your determination and the reasons, including the legal basis, therefor. Said notice shall be made within three days of the receipt of the request, exclusive of weekends and public holidays. Under the provisions of R.S. 44:33, if the public record is not immediately available you are required to certify this in writing promptly, and in your certificate fix a day and hour within three days, exclusive of weekends and public holidays.

     Also, if portions of the requested records are exempt from release, I request that all reasonably segregable, nonexempt portions of those records be released.  In addition, if records are withheld, I request that you specifically identify those records by providing a list of records being withheld with an accompanying explanation of the exemptions being used to withhold the requested records.

     If your search fails to identify the requested records, I ask that you (1) describe in detail the search procedure, including the information about the files that were searched, (2) identify the person or persons who conducted the search, and (3) explain why a more comprehensive search of your offices would be unreasonable.

     Per RS 44:32(C)(1)(a), I request a waiver of any and all costs associated with the satisfaction of this request. Please advise me of any informational or other procedural requirements that you may have in order for this request to qualify for a fee waiver. If you are unable to provide a fee waiver, please notify me in advance of any payment required before incurring the cost.

     I am requesting electronic copies of any of the above-referenced documents. Please contact me at _____ or (504) 509-5023 with any questions.  Thank you for your help and cooperation with this request.

TENDERED FOR FILING

Sincerely

,

William Most

JAN 3 1 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

2-2

# Law Office of William Most, L.L.C.

201 St. Charles Ave., Ste. 114, # 101 ♦ New Orleans, LA 70170

(504) 509-5023  williammost@gmail.com

St. Tammany Parish Sheriff's Office  September 24, 2018
P.O. Box 1120
Covington, LA 70434
Via mail, email to                    , and fax to (985) 276 1072

No. 18-CV-6670

Re: **Anti-Spoliation Notice**

Dear Ms. Mancuso,

This letter is to inform you that you and the St. Tammany Parish Sheriff's Office ("You") can reasonably forsee litigation regarding **the September 20, 2018, use of force on Willie Cauley (Booking No. 219570) at the St. Tammany Correctional Center. The use of force occurred shortly before 2:00pm, by a bank of phones.**

By this Anti-Spoliation Notice, You are hereby given formal notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on computers and storage media (e.g., hard disks, floppy disks, backup tapes), or any other electronically stored information ("ESI"). Any normal process of document destruction or overwriting must cease. You are required to immediately take those actions necessary to fully preserve and protect certain evidence. *See, e.g., Zubulake v. UBS Warburg LLC*, No. 02 Civ. 1243 (S.D.N.Y. July 20, 2004); *Pham v. Contico Intern., Inc.*, 759 So.2d 880 (La. App. 2000).

The following is a non-exhaustive list of the kinds of evidence that need to be retained.

- Security or body-worn camera footage. (May be in the possession of internal affairs.)
- Text messages and voicemails from officers' work phones and private phones.
- Records of internal affairs or internal investigations;
- All paper records;
- Surveillance footage;
- Digital communications (*e.g.*, e-mail, voice mail, instant messaging; text);
- All other evidence;

You should anticipate that your employees, deputies or others may seek to hide, destroy or alter information and act to prevent or guard against such actions. This concern is not one unique to You or your employees and officers. It's simply an event that occurs with such regularity in electronic discovery efforts that any custodian of ESI and their counsel are obliged to anticipate and guard against its occurrence. Nothing in this demand for preservation should be understood to diminish your obligation to preserve documents, ESI, tangible things and other potentially relevant evidence.

Very truly yours,

William Most